IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> WILLIAM DECATUR DAVIS, JR., <br><br> Defendant. | CR 13–28–GF–DLC <br><br><br> ORDER |

United States Magistrate Judge Keith Strong entered findings and recommendation on May 8, 2013, and recommended denying Defendant William Davis Jr.'s motion to suppress and motion for bill of particulars. (Doc. 37.) No objections have been filed, and the parties have thus waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the findings and recommendation for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Judge Strong found that Defendant was not subjected to a Fourth

1

Amendment search during his pre-polygraph interview; Defendant's confession to law enforcement was voluntary; adversarial proceedings had not commenced against Defendant when he was interviewed by the FBI; and the United States provided full discovery to Defendant regarding the time frame of the alleged crime. Judge Strong pointed out that the facts in this case are remarkably similar to those in *United States v. Alvarez*, CR 12-96-DLC, in which this Court denied Alvarez's motion to suppress. The arguments in *Alvarez* were nearly identical to those in this case, except the facts in *Alvarez* were more supportive of the defense arguments because Alvarez was actually subjected to a polygraph examination and his interview was twice as long as Davis' interview. Judge Strong correctly determined that Defendant's rights were not violated under the Fourth, Fifth, or Sixth Amendments.

Judge Strong did not issue a recommendation on Defendant's rule of completeness argument, finding it was best reserved for the presiding judge. Federal Rule of Evidence 106 is "an expression of the rule of completeness." Fed. R. Evid. 106, "Advisory Committee Notes." It states "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part–or any other writing or recorded statement–that in fairness ought to be considered at the same time." The advisory

committee notes also state that "[f]or practical reasons, the rule is limited to writings and recorded statements and does not apply to conversations." *Id.* Defendant argues this rule allows him to introduce polygraph evidence not for its truthfulness, but instead to provide the jury with a complete picture of the context and circumstances surrounding his confession.

Polygraph evidence is disfavored in the Ninth Circuit and cannot be used to establish the truth of statements made during the examination. *United States v. Bowen*, 857 F.2d 1337, 1341 (9th Cir. 1988). Defendant did not take a polygraph examination in this case. Rather, he confessed to Agent Smiedala prior to administration of the polygraph exam. Thus, there are no writings or recorded statements regarding the polygraph relevant to be admitted under Rule 106, and the rule does not apply to the conversations Defendant had with law enforcement surrounding his confession. Defendant's arguments regarding admission of the circumstances surrounding his confession as pertaining to the polygraph fail, and Judge Strong's findings and recommendations will be adopted in full.

IT IS HEREBY ORDERED that the Findings and Recommendation (doc. 37) are adopted in full;

IT IS FURTHER ORDERED that Defendant's Motion to Suppress (doc. 25) and Defendant's Motion for Bill of Particulars (doc. 27) are DENIED.

Dated this 31st day of May, 2013.

_____
Dana L. Christensen, Chief District Judge
United States District Court